IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALE W. MILLER, ) | |
| ) | |
|     Relator, ) | |
| ) | |
| vs. ) | No. 3:10-cv-00438-GPM-CJP |
| ) | |
| HASTINGS FIBER GLASS PRODUCTS, INC., ) | |
| ) | |
|     Defendant. ) | |

_____

# COMPLAINT

_____

Relator Dale W. Miller ("Relator"), by and through the undersigned attorneys, for his Complaint against Defendant Hastings Fiber Glass Products, Inc. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

2. As set forth in detail below, Defendant has violated 35 U.S.C. § 292(a) by falsely advertising and/or marking articles with expired patents for the purpose of deceiving its competitors and the public into believing that such articles are covered by the falsely marked patents.

3. Relator seeks an award of monetary damages against Defendant, one-half of which shall be paid to the United States, the other half of which shall be paid to Relator pursuant to 35 U.S.C. § 292(b).

## THE PARTIES

4. Relator Dale W. Miller is a natural person and citizen and resident of the Southern District of Illinois.

5. Defendant Hastings Fiber Glass Products, Inc. is a corporation organized and existing under the laws of Michigan, having its principal place of business at 770 Cook Road, Hastings, Michigan 49058.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

7. Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a), because Defendant has conducted and continues to conduct business in this District through the sale of its products which are the subject matter of this Complaint to consumers throughout this District. Upon information and belief, such sales are substantial, continuous, and systematic.

8. Relator has standing to bring this action under 35 U.S.C. § 292(b), which provides that "any person" may sue for civil monetary penalties for false marking of patents.

## BACKGROUND

9. The false marking patent statute, 35 U.S.C. § 292, exists to insure that the public has accurate information on the existence of patent rights. As summarized by the Federal Circuit, the patent marking statute exists to: 1) help avoid innocent infringement of patent articles; 2) encourage patent holders to give notice to the public that an article is patented; and 3) aid the public in identifying whether an article is patented. *Nike, Inc. v. Wal-Mart Stores, Inc.,* 138 F.3d 1437, 1443 (Fed. Cir. 1998).

10. When a patent expires, all monopoly rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not protected by such expired patent.

11. Falsely advertising an article or falsely marking an article with an expired patent harms the public interest in numerous ways, including:

    a. Stifling competition in the marketplace and deterring innovation;

    b. Deterring scientific research when an inventor sees a marked article and foregoes continued research to avoid potential infringement;

    c. Unnecessary increasing costs to competitors who must invest in efforts to "design around" a patent, or investigate and analyze the validity or enforceability of a patent;

    d. Deterring competitors from entering the market with competing articles;

    e. Permitting the patentee to impermissibly extend the term of its monopoly; and,

    f. Confusing and misleading the public, as the expiration date of a U. S. Patent is not easily ascertainable by the public at the time of purchase. Moreover, while basic information about a patent may be available to the public via the website of the U. S. Patent and Trademark Office, a member of the public must conduct a thorough and complicated analysis to determine whether a patent is expired.

## THE EXPIRED PATENTS

12. U.S. Patent No. 3,788,691 ("the '691 Patent") entitled SHOTGUN STICK, was filed on April 17, 1972, and issued on January 29, 1974. A true and correct copy of the '691 Patent is attached as Exhibit 1 to this Complaint.

13. The '691 Patent expired no later than April 17, 1992.

14. U.S. Design Patent 293,701 ("the '701 Patent"), entitled SHOTGUN HEAD WITH INTEGRAL HANGER HOOK was filed on April 26, 1985, and issued on January 12, 1988. A true and correct copy of the '701 Patent is attached as Exhibit 2 to this Complaint.

15. The '701 Patent expired no later than January 12, 2002.

## GENERAL ALLEGATIONS

16. Relator realleges and incorporates herein by reference the allegations stated in Paragraphs 1 - 15 of this Complaint.

17. Upon information and belief, Defendant makes, sells, or has made and has sold, a variety of products for sale to distributors, retailers, and the general consuming public.

18. Upon information and belief, Defendant is a sophisticated business entity with extensive experience in the procurement, acquisition, and litigation of patents in the United States.

19. Upon information and belief, because of the nature of its business, Defendant actively seeks and maintains a number of patents.

20. Defendant claims to own, or have licenses under, a substantial number of patents and patent applications.

21. Upon information and belief, Defendant has an in-house legal department (or otherwise retains attorneys) that is/are responsible for Defendant's intellectual property and ensuring compliance with marketing, labeling, and advertising laws.

22. Upon information and belief, as a sophisticated business entity, Defendant knows or reasonably should have known of the requirements and provisions of 35 U.S.C. § 292.

23. Upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to mark or causes to be marked, articles with at least one expired patent and even marks their products with multiple expired patents.

### COUNT I – False Marking of the '691 Patent and the '701 Patent

24. Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to mark or causes to be marked, at least the following product with the '691 and the '701 Patents:

   a. The "Sectional Shotgun Stick."  A photocopy of the advertisement for said product is attached hereto as Exhibit 3 to this Complaint.

25. As more fully set forth in Exhibit 3, Defendant advertised the '691 patent and the '701 patent as recently as June 15, 2010 in its "on-line" catalogue and makes false claims that the Shotgun Sticks are "New" and "Patented."   Upon information and belief, and as seen on Exhibit 3, the instances of false marking shown in Exhibit 3 are representative and not exhaustive of all the uses of the Patents and have been (and continue to be) placed on a variety of similar "Shotgun" products.

26. Defendant knows, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

27. Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '691 and '701 Patents are not covered by the expired patents marked on its product because expired patents have no monopoly rights.

28. Upon information and belief, Defendant has marked and continues to mark its products with the '691 and '701 Patents for the purpose of consciously deceiving the public into believing that its products are covered by the '691 and '701 Patents. Upon information and belief, Defendant intentionally included the '691 and '701 Patents on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

29. Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

30. By falsely marking its products with patents that have expired, Defendant has benefitted commercially and financially.

31. Thus, by marking and continuing to mark products with the '691 and '701 Patents without a reasonable belief that such products were covered by the patents, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

**PRAYER FOR RELIEF**

WHEREFORE, Relator prays that this Court enter judgment in his favor and against Defendant as follows:

A. Entering an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violating 35 U.S.C. § 292;

B. Order Defendant to pay a civil monetary fine of $500.00 per false advertising or marking offense, or an alternative amount as determined by the Court, one-half of which shall be paid to the United States;

C. Order Defendant to provide an accounting for any falsely advertised and/or marked products not presented at trial and a monetary award set by the Court for such falsely marked articles;

D. Order Defendant to pay all costs of this action, including attorneys' fees and all available interest; and,

E. Grant Relator any such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

 /s/  David Cates
JUDY L. CATES # 00414743
DAVID CATES #06289198
*The Cates Law Firm, L.L.C.*
216 West Pointe Drive, Suite A
Swansea, IL  62226
Telephone:   (618) 277-3644
Facsimile:   (618) 277-7882
E-mail:   jcates@cateslaw.com
         dcates@cateslaw.com

***Attorney for Relator, Dale W. Miller***