# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALE W. MILLER, | ) |
| | ) |
| Plaintiff/Relator, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-438-GPM |
| | ) |
| HASTINGS FIBER GLASS PRODUCTS, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Relator Dale W. Miller filed this *qui tam* action for false patent marking under 35 U.S.C. § 292. Many such cases have been filed since the United States Court of Appeals for the Federal Circuit's opinion in *Forest Group, Inc. v. Bon Tool Company*, 590 F.3d 1295 (Fed. Cir. 2009). This action, and four other similar actions, came before this Court on January 31, 2011, for hearing on various motions.

### FACTUAL AND PROCEDURAL BACKGROUND

Relator Miller claims that Defendant Hastings Fiber Glass Products, Inc., has advertised, marked, or caused to be marked certain products with expired patents and continues to do so. Specifically, he alleges that U.S. Patent No. 3,788,691 (the '691 Patent), entitled Shotgun Stick, was issued on January 29, 1974, and expired no later than April 17, 1992. He alleges that U.S. Design Patent 293,701 (the '701 Patent), entitled Shotgun Head with Integral Hanger Hook, was issued on January 12, 1988, and expired no later than January 12, 2002. He claims that Defendant has in the

past and continues to falsely advertise and mark (or cause to be marked) a product entitled Sectional Shotgun Stick and other similar "Shotgun" products with these expired patents. He alleges, upon information and belief, that Defendant knew or reasonably should have known that these products are not covered by the expired patents and that Defendant falsely marked these products with the expired patents "for the purpose of consciously deceiving the public into believing that its products are covered by the '691 and '701 Patents" (Doc. 2, ¶¶ 27-28). Relator seeks injunctive relief, damages, attorneys' fees, and costs.

Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of standing and under Rules 9(b) and 12(b)(6) for failure to plead with particularity. Alternatively, Defendant sought a stay of these proceedings pending the Federal Circuit's decision in *Stauffer v. Brooks Bothers, Inc.*, 619 F.3d 1321 (Fed. Cir. 2010), which since has been decided. Since the date of the hearing, the Federal Circuit decided *In re BP Lubricants USA Inc.*, Misc. No. 960, 2011 WL 873147 (Fed. Cir. Mar. 15, 2011), in which the Federal Circuit granted a petition for a writ of mandamus and directed the United States District Court for the Northern District of Illinois to grant a motion to dismiss a complaint asserting a false marking claim. Defendant seeks leave to supplement its motion to dismiss to incorporate the *BP Lubricants* decision; the motion to supplement is granted in part and denied in part. It is granted to the extent that this Court is aware of and has considered the *BP Lubricants* decision; it is denied such that Defendant need not file a copy of the opinion.

## DISCUSSION

The false marking statute provides, in relevant part:

(a) …. Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the

> same is patented for the purpose of deceiving the public … [s]hall be fined not more than $500 for every such offense.
>
> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

35 U.S.C. § 292. The statute's reference to "any person" operates as a statutory assignment of the United States's rights, and a violation of the statute inherently constitutes an injury to the United States. *Stauffer*, 619 F.3d at 1325. Therefore, so long as a relator alleges a violation of the statute, which suffices to allege an injury in fact to the United States, then the relator has standing to pursue the claim as the United States's implicit assignee. *Id*. at 1324-25. The *Stauffer* decision defeats Defendant's jurisdictional standing argument.

The *Stauffer* Court also impliedly held that Rule 9(b) applies to false marking claims brought under § 292 when it remanded the case to the district court to "address the merits of the case, including [the defendant's] motion to dismiss pursuant to Rule 12(b)(6) 'on the grounds that the complaint fails to state a plausible claim to relief because it fails to allege an 'intent to deceive' the public – a critical element of a section 292 claim – with sufficient specificity to meet the heightened pleading requirements for claims of fraud imposed by' Rule 9(b)." 619 F.3d at 1328. The Court did not remand the case for a determination whether Rule 9(b) applied; rather, it remanded the case for a sufficiency of the pleadings determination. Nonetheless, the Federal Circuit now specifically has held that Rule 9(b)'s particularity requirement applies to false marking claims brought under § 292. *BP Lubricants*, 2011 WL 873147, at *1. The Court further held that, under Rule 9(b), "a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." *Id*.

To satisfy Rule 9(b), although knowledge and intent may be averred generally and a plaintiff

may plead upon information and belief, the complaint must contain sufficient underlying facts from which a court may reasonably infer that the defendant acted with the requisite state of mind. *Id*. at *3, *citing Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). To allege the requisite intent to deceive in the § 292 context, the complaint must provide "some objective indication to reasonably infer that the defendant was aware that the patent expired." *BP Lubricants*, 2011 WL 873147, at *3, *citing Clontech Labs, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005) (proof that the party making a misrepresentation had knowledge of its falsity "is enough to warrant drawing the inference that there was fraudulent intent").

During the hearing, Relator argued – and the Court was inclined to agree – that his allegations are sufficient to plead the requisite intent to deceive when read in combination with the rebuttable presumption recognized in *Pequignot v. Solo Cup Co.*, 608 F.3d 1356 (Fed. Cir. 2010). In *Pequignot*, the Federal Circuit first established that articles covered by expired patents are unpatented for purposes of liability for false marking. 608 F.3d at 1361. Next, it held that "the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." *Id*. at 1362-63. The Federal Circuit addressed this argument in *BP Lubricants*:

> This court agrees that the *Pequignot* presumption informs the determination of whether a false marking plaintiff has met Rule 9(b). However, as we noted in *Pequignot*, "[t]he bar for proving deceptive intent [in false marking cases] is particularly high," requiring that relator show "a purpose of deceit, rather than simply knowledge that a statement is false." That relator pled the facts necessary to activate the *Pequignot* presumption is simply a factor in determining whether Rule 9(b) is satisfied; it does not, standing alone, satisfy Rule 9(b)'s particularity requirement.

*BP Lubricants*, 2011 WL 873147, at *4, *quoting Pequignot*, 608 F.3d at 1362-63 (internal citations omitted). The Court concluded that because the relator's complaint "provided only generalized

allegations rather than specific underlying facts from which [the Court could] reasonably infer the requisite intent, the complaint failed to meet the requirements of Rule 9(b)." *BP Lubricants*, 2011 WL 873147, at *3.

This Court has carefully compared Relator's allegations in this complaint to the allegations examined in *BP Lubricants*. Relator's allegations provide no more specificity than the allegations that were rejected as insufficient in *BP Lubricants*. Therefore, the Federal Circuit's rationale applies here: "Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action." *BP Lubricants*, 2011 WL 873147, at *2. The recent *BP Lubricants* decision requires this Court to find Relator's allegations insufficient under Rule 9(b). Specifically, he has failed to provide any objective indication from which the Court can reasonably infer that Defendant knew that the patents were expired. Relator's allegation that "[u]pon information and belief, Defendant has an in-house legal department (or otherwise retains attorneys) that is/are responsible for Defendant's intellectual property and ensuring compliance with marketing, labeling, and advertising laws" (Doc. 2, ¶ 21) is a restatement of the general allegation that Defendant knew or should have known that the patents expired. The complaint contains insufficient underlying facts from which this Court can infer the requisite intent to deceive under Rule 9(b). Accordingly, the complaint must be dismissed without prejudice to Relator filing an amended complaint in accordance with the pleading requirements outlined by the Federal Circuit in *BP Lubricants*.

One final matter remains. So far, the Federal Circuit has declined to address the constitutionality of § 292. *See Stauffer*, 619 F.3d at 1327 ("we will not decide the constitutionality

[of section 292] without the issue having been raised or argued by the parties"). Defendant has not raised a constitutional challenge in this case, and this Court believes that if and when the Federal Circuit does address the issue, it will find the statute constitutional. Nonetheless, this Court finds it prudent to require Relator to give notice of this action to the United States beyond the current mechanism of the Clerk of Court giving notice to the United States Patent Office. Therefore, Relator shall serve a copy of his amended complaint, along with a copy of this Memorandum and Order, upon the United States Attorney for the Southern District of Illinois.

## CONCLUSION

For the foregoing reasons, Defendant's motion to supplement (Doc. 29) is **GRANTED in part and DENIED in part**; Defendant's motion to dismiss (Doc. 19) is **GRANTED**; and Defendant's alternative motion to stay (Doc. 19) is **DENIED as moot**. Relator is **GRANTED leave** to file an amended complaint on or before **May 2, 2011**. Relator is **ORDERED** to serve a copy of the amended complaint, along with a copy of this Memorandum and Order, upon the United States Attorney for the Southern District of Illinois.

**IT IS SO ORDERED.**

DATED: 03/31/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge